**BARSHAY SANDERS, PLLC**
444 N Michigan Ave., Suite 1200
Chicago, IL 60611
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 111536

BARSHAY | SANDERS PLLC
444N. MICHIGAN AVE.., SUITE 1200
CHICAGO, ILLINOIS 60611

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KYLE CASTAIN,<br><br>Plaintiff,<br><br>vs.<br><br>ONE ADVANTAGE, LLC F/K/A FIRSTSOURCE ADVANTAGE, LLC,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

KYLE CASTAIN (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against ONE ADVANTAGE, LLC F/K/A FIRSTSOURCE ADVANTAGE, LLC (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* ("FDCPA").

## JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Illinois.

1

4.      Venue is proper under 28 U.S.C. §1391(b) because Defendant resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

5.      At all relevant times, Defendant conducted business within Illinois.

## PARTIES

6.      Plaintiff is an individual who is a citizen of the State of New York.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant's principal place of business is located in Belleville, Illinois.

9.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11.     Defendant alleges Plaintiff owes a debt ("the debt").

12.     Plaintiff's debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13.     Sometime after the incurrence of the debt, but before the initiation of this action, the debt was assigned or otherwise transferred to Defendant for collection.

14.     In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the letter") dated June 28, 2016. (**"Exhibit 1."**)

15.     The letter was the initial communication Plaintiff received from Defendant.

16.     The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

18.     § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

19.     § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

20.     15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

BARSHAY | SANDERS PLLC
444 N. MICHIGAN AVE., SUITE 1200
CHICAGO, ILLINOIS 60611

21.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

22.     15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

23.     §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

24.     The letter states "Interest," "Collection Charge," "Late Fee" and "Processing Fee."

25.     The "Interest," "Collection Charge," "Late Fee" and "Processing Fee" all state no amount.

26.     A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the unsophisticated consumer to have two or more meanings, one of which is inaccurate.

27.     A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the unsophisticated consumer.

28.     Although the "Interest," "Collection Charge," "Late Fee" and "Processing Fee" are listed without an amount, the letter could reasonably be read by the unsophisticated consumer to mean that there could be "Interest," a "Collection Charge," a "Late Fee" and "Processing Fees" added to the debt in the future.

29.     The letter could reasonably be read by the unsophisticated consumer to imply that there could be "Interest," a "Collection Charge," a "Late Fee" and "Processing Fees" added to the debt in the future.

30.     The letter falsely implies that Defendant has the right to add "Interest," a "Collection Charge," a "Late Fee" and "Processing Fees" to the debt.

31.     Defendant has no legal basis to add "Interest," a "Collection Charge," a "Late Fee" or "Processing Fees" to the debt.

32.     The letter could reasonably be read by the unsophisticated consumer to threaten to collect a fee.

33.     The letter falsely implies that Defendant has the right to add a fee to the debt.

34.     Defendant has no legal basis to add a fee to the debt.

35.     Defendant's conduct, as described, violates § 1692e and § 1692f.

BARSHAY | SANDERS PLLC
444 N. MICHIGAN AVE., SUITE 1200
CHICAGO, ILLINOIS 60611

3

36.     The letter also states the loan date as June 6, 2016.

37.     Plaintiff did not have a loan with the creditor as identified by Defendant.

38.     Defendant violated § 1692e by setting forth a false loan date.

## JURY DEMAND

39.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.      Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

b.      Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c.      Plaintiff's costs; together with

d.      Such other relief that the Court determines is just and proper.

DATED: September 28, 2016

<div style="margin-left:40%">

**BARSHAY SANDERS, PLLC**

By: _/s/ David M. Barshay_____
        David M. Barshay, Esq.
        BARSHAY SANDERS, PLLC
        444 N Michigan Ave., Suite 1200
        Chicago, IL 60611
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiff*

</div>

BARSHAY | SANDERS PLLC
444 N. MICHIGAN AVE.., SUITE 1200
CHICAGO, ILLINOIS 60611

4